KENTUCKY CENT. R. CO. *v.* MAGGIE CAREY.

**Assignment of Error.**

Where the ruling of the trial court in refusing a continuance is excepted to at the time made, but such ruling is not assigned as error in this court, such error will not be considered here.

**Evidence.**

A party who brings out a fact, on cross-examination of a witness, which is irrelevant, can not be permitted upon the pretext of rebutting it or contradicting the witness to introduce himself or other witnesses to testify in detail in respect to such irrelevant matter.

APPEAL FROM KENTON CIRCUIT COURT.

January 31, 1884.

Petition for Rehearing.

Response by Judge Lewis:

Upon a re-examination of the record in this case we perceive that while the ruling of the lower court in refusing a continuance of the action was excepted to at the time by appellant, it was not assigned as an error, as was inadvertently assumed in the opinion rendered, and should not have been considered by this court.

In regard to the other alleged error passed upon we do not think, after a careful examination of the record, it was misstated by this court. Though the statement of the plaintiff in the action that Dr. Kearns visited her to compromise with her for the railroad company was made while she was being cross-examined by the defendant, appellant here, it does not appear from the record whether it was made by her in response to a question by defendant's counsel, or made voluntarily, nor, in view of the fact that the statement was not at the time objected to, does it make any difference how it was brought out. The subsequent statements of Dr. Kearns in regard to the compromise were made on cross-examination by counsel for the plaintiff, appellee, and as appears from the record were obviously made in response to questions propounded on cross-examination.

The witness, Dr. Kearns, was introduced by the defendant for the purpose of showing that he visited her professionally and made himself acquainted with the nature and extent of the injuries received by her when the railroad accident occurred, and that they were not as serious as the plaintiff contended they were. If, therefore, it could be made to appear that the witness visited the plaintiff not professionally, but in order to compromise with her for the railroad company, the force of his testimony in regard to the nature and extent of her injuries would to that extent be weakened.

The jury already had the contradictory statements before them, his, that he visited her as a physician merely, hers, that he visited her to compromise in the interest of the railroad company. Thus, even conceding it to be, as perhaps it was, a relative inquiry whether Dr. Kearns visited the plaintiff for the one purpose or the other, it was improper to again introduce the plaintiff to reiterate what she had already said, and especially was it improper to permit her to give a detailed narrative of what occurred between them, consisting not merely of expressions of opinion by the two as to the terms of a compromise, where there was no evidence whatever

that the railroad company ever authorized Dr. Kearns to propose, but also their opinions of the policy and conduct of the railroad company.

Whatever Dr. Kearns may have said in regard to the compromise that occurred between him and the plaintiff, more than was necessary to inform the jury with what object he visiter her, was brought out on his cross-examination by counsel for plaintiff, and she has no right to complain. We do not understand the rule to be that a party may on cross-examination put before the jury irrelevant testimony, and then upon the pretext of rebutting it or contradicting the witness introduced himself or some other witness to testify in detail in respect to the irrelevant matter; and whenever such an irregular proceeding tends to prejudice the substantial rights of the opposite party who objects to it and prevents a fair trial, as we are clearly of the opinion was the case here, a new trial should be awarded.

The petition for rehearing is *overruled.*

*O'Hara & Bryan, for appellant.*

*T. F. Hallam, for appellee.*